Parker, J.
Defendants in error, the Bingham Bros., on November 24, 1900, instituted a suit against Edward V. Collins before William R. Leflet, a justice of the peace in and for Washington township, in Lucas county, Ohio. At the same time he filed an affidavit for attachment, in which he stated, amongst othein things, that his claim was for coal sold and delivered to the defendant, and that it was for necessaries. Under section 6489, Revised Statutes, as amended on April 26, 1898, (93 O. L., 316), the fact that the claim sued on is for necessaries is made a ground of attachment. An order of attachment was issued with the summons, and both were duly served upon the defendant and property was seized.
Subsequently the defendant came into court, and by his affidavit made it appear that he was a resident of Port Lawrence township, in Lucas county, and he contended that because of that fact the attachment had been wrongfully obtained and issued; that the justice of the peace, under the law, had no jurisdiction to issue an attachment against a resident of another-township of the same county on the simple ground that the claim was for necessaries; that he had no right to exercise jurisdictiom in the case; and the defendant asked that the attachment be discharged, and the suit dismissed.
It appears that when the matter came up for hearing tS*e *535 plaintiff voluntarily abandoned his attachment, and on hi# •own motion the attachment was discharged; but the justice of the peace proceeded with the case, and on the day set for the hearing, the claim being properly established by the plaintiff, judgment went against the defendant. To obtain a reversal of that judgment the defendant Edward V. Collins filed a petition 'in error in the court of common pleas of this county. That court affirmed the judgment of the justice; and to obtain a reversal of that judgment as well as that of the justice of the peace, this proceeding in error is brought here.
The contention of the plaintiff in error that the justice of the peace was without jurisdiction in the premises is based upon the claim that the section of the statute purporting to give him jurisdiction and authority in such cases, to-wit: Section 583, •Revised Statutes, is unconstitutional and void, and this is. urged upon the ground that it is legislation of a general nature, the subject matter is general, and it is in fact special in its application because the jurisdiction to issue attachment in such cases is not conferred upon all justices of the peace of the state by the section.
The last amendment of the section is found in 93 Ohio Laws, 146, in an act which was passed upon April 19,1898, and which ■amends not only section 583, but also section 582 and 584, Revised Statutes. Section 583, Revised Statutes as amended reads:
“Justices of the peace within and co-extensive with their respective counties shall have jurisdiction and authority:
“1. To administer an oath, authorized or required by 'law to be administered.^
Then follows several other paragraphs, numbered consecutively, down to 7, which reads:
“To issue attachments and proceed against the goods and effects of debtors in certain cases, except in counties containing a city of the second grade of the first class, or of the first grade, second class, the jurisdiction and authority in such cases is co-extensive only with the township for which the justice was elected, but when said justice has jurisdiction of the defendant because he resides in the township for which said justice was elected or otherwise as provided in section 584 .of *536 the Revised Statutes, the jurisdiction of the justice in attachment shall be co-extensive with the county.”
The exception is of counties containing the cities of Cleveland and Columbus, i. e. Franklin and Cuyahoga counties. It is said that since this provision authorizing an attachment to-issue in cases like the one at bar may be applied to but eighty-six of the eighty-eight counties of the state, the legislation, has a special character.
It is a rule constantly observed by the courts that they will not consider or pass upon the constitutionality of laws unless-it becomes necessary to do so in the decision of cases before them. We do not find it necessary to pass upon this question presented here for argument, for this reason: As I have said, this act of April 19,1898,provides for the amendment of sections 582,. 383, and 584, Revised Statutes. It re-enacts them in amended form, and repeals the original sections of those numbers theretofore found in the Revised Statutes of Ohio. If we should hold this section to be unconstitutional, we must, under well settled rules, hold that the repealing provision also fails; so-that the effect would be to leave in force section 583, Revised Statutes, as it stood before this amendment was made. The general rule is, that where an act repealing another act and providing a substitute therefor is found invalid, the- repealing-clause must also be held to be invalid, unless it shall appear that the legislature would have passed the repealing clause even if it had not provided a substitute for the act repealed. We had occasion to apply this principle in Whitney v. Gill, 15 O. C. C., 648, and there we cited authorities in support of the proposition. The same principle was applied by the circuit court of the eighth circuit in State v. Buckley, 17 O. C. C., 86. In that case the fifth clause of the syllabus reads as follows:
“The repealing clause in the act of 1896, amending section-2926b, repeals the election laws theretofore existing. As section 2926b, as amended is unconstitutional and void, if the repealing clause therein, would remain in force, there would be-no laws to secure fair elections in Ohio. It is not reasonable to assume that such was the intention- of the legislature, and the-repealing clause of the act is therefore void as- well as the' rest: *537 of the act, and section 2926b, as it stood before the passage of the amendatory act of 1896, remains therefore in force.”
In the case we have before us, the repeal of sections 582, 583, and 584, Revised Statutes, would totally destroy the law upon the subject of attachments before justices of the peace, and it cannot be thought for a moment that it was the purpose of the legislature to repeal these sections except in the course of the amendment thereof by the substitution of the amended sections found in the act of April 19, 1898 Section 583, Revised Statutes, as it stood before this'.amendment, authorized justices of the peace of all the counties of the state to proceed as the justice proceeded in this case. It did not contain this exception of the counties of Franklin and Cuyahoga; so that if this act were' held to be unconstitutional, it would result in leaving the section as it then stood in full force, and in leaving the justice of the peace with jurisdiction in this case.
For these reasons we decline to consider the question whether the act of April 19, 1889, is or is not constitutional.
It is also contended by plaintiff in error that a justice may not proceed to judgment in such cases, unless.the summons is accompanied by an order of attachment which has been obtained and issued lawfully, regularly,' and in good faith. It was contended in the case of Kelly v. Flanagan, 20 C. C., 391, that the justice could not proceed to judgment unless property was seized and held under the writ of attachment; and we held in that case as follows:
“If, in a civil action before a justice of the peace brought in the county but not in the township of defendant’s residence, a writ of attachment is in good faith sued out and issued with the summons, and the defendant is served personally, the justice acquires jurisdiction to proceed to judgment on the mreits, though no property is seized or held under the attachment.”
We based our decision upon what we regarded as the plain unequivocal provisions of the statute upon the subject. In the course of the opinion this language is used:
“What might be done in a case where one procures an attachment to be issued fraudulently, for the purpose of giving a *538 justice jurisdiction where he ought not to exercise it, or in a case where the affidavit should be insufficient, or the like, we do not undertake to say. In this case it does not appear but •that the attachment was sued out and issued regularly and in entire good faith; and that part of the object of plaintiff’s proceeding failed though his misfortune, but not through his fault; we therefore hold that the justice might rightfully proceed to judgment against the plaintiff in error, as he did.”
The plaintiff in error undertakes to distinguish this case from the case of Kelly v. Flanagan, supra. He says that the affidavit in this case was not sufficient, and was not true, and that the attachment was not obtained in good faith. We cannot discover that this is disclosed by the record. From the mere fact that the attachment was voluntarily discharged on the motion of the plaintiff, we are not authorized to assume that it was obtained fraudulently or not in good faith. Various considerations may bave moved the plaintiff in the action before the justice to discharge the attachment. He may not have cared to prosecute that part of his suit or remedy. It is said in argument that the ground stated in the record for the attachment, viz: that the claim was for necessaries, did not exist. The affidavit discloses that the claim was for coal sold and delivered to the defendant. The affidavit further states distinctly that it was for necessaries, viz: that the coal was necessary. We can see that coal might be as necessary to preserve the life of the defendant, to promote his comfort or health and that of his family, as bread or meat. It is said that this coal, however, was for fuel for a boiler located out in the country somewhere, as a part of the equipment of an oil lease. That fact the record does not disclose; we must take the record as we find it. The simple statement is that the claim was for coal, and that the claim was for necessaries. These averments in the affidavit stand uncontradicted in the record. We find no statement, or affidavit, or finding, to the effect that the coal was not for a use that would make it “necessaries” within the meaning of this provision. The plaintiff in error, when before the justice of the peace, seemed to have placed his whole reliance upon the contention that the act under which the justice *539 was proceeding to exercise jurisdiction was unconstitutional.
T. W. Brake and J. G. Adams, for Plaintiff in Error.
Geo. B. Orwig, for Defendant in Error.
We find no error in this record, and the judgment of the court of common pleas will be affirmed.